IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis Q. Owens, | ) | C/A No.: 1:10-948-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Patricia Hough, in her individual capacity, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Kershaw Correctional Institution ("KCI"), a facility of the South Carolina Department of Corrections ("SCDC").  Before the court is Defendant's Motion for Summary Judgment [Entry #17]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Because the motion for summary judgment is dispositive, this Report and Recommendation is entered for review by the district judge.

I.    Factual and Procedural Background

Plaintiff filed his complaint on April 16, 2010, alleging that Defendant did not properly answer or process his grievances. *See* Compl. [Entry #1].  Defendant filed her motion for summary judgment on October 26, 2010. [Entry #17]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment

and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #18]. Plaintiff filed a timely response on November 22, 2010. [Entry #21]. Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that Defendant's motion for summary judgment be granted.

II.     Discussion

A.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." *Id*. The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

2

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."

B.    Analysis

Plaintiff claims he has filed grievances that are unanswered or unprocessed by Defendant.  The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–138 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure").  Accordingly, Plaintiff has failed to state a § 1983 claim based on the alleged failure of Defendant to respond to his grievances. [1]

---

[1] The undersigned notes that Plaintiff has not alleged that a legal action of Plaintiff was dismissed or frustrated due to Defendant's alleged failure to properly process, investigate, or respond to his grievances.

III.    Conclusion

For the reasons discussed above, it is recommended that Defendant's Motion for

Summary Judgment [Entry #17] be granted and this case be dismissed in its entirety.

IT IS SO RECOMMENDED.


July 13, 2010                                            Shiva V. Hodges
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**